**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| RIALTO CAPITAL ADVISORS, LLC, attorney-in-fact for RREF CB SBL ACQUISITIONS, LLC, successor-in-interest to COMPASS BANK, | § § § § § | |
| Plaintiff, | § § | |
| *versus* | § § | CIVIL ACTION NO. 1:11-CV-698 |
| ERITON JOSEPH LEWIS SR. a/k/a E.J. LEWIS, SR. and TEMA RHODES LEWIS, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Rialto Capital Advisors, LLC's ("Rialto") Motion for Default Judgment (#13).  Rialto asks this court to enter a default judgment against Defendants Eriton Joseph Lewis Sr. and Tema Rhodes Lewis (collectively "Defendants") in the amount due under three promissory notes, totaling $260,142.92, plus attorneys' fees and post-judgment interest.  Having reviewed the pending motion, the evidence submitted, and the applicable law, the court is of the opinion that Rialto's motion should be granted.

I.      Background

This lawsuit concerns the enforcement of RREF CB SBL Acquisitions, LLC's ("RREF") contractual rights to payment of three promissory notes.[1]  The first note, dated February 28, 2009, ("Note 1") was in the original amount of $30,000.00.  The second note ("Note 2"), dated April 30, 2009, was executed by Defendants in the original sum of $64,450.00.  Finally, Defendants

---

[1] Rialto is the attorney-in-fact for RREF.  RREF, in turn, is the successor-in-interest to Compass Bank ("Compass"), the originator of the promissory notes at issue here.

executed a third note dated December 3, 2003, ("Note 3") in the amount of $240,000.00. Defendants allegedly failed to make timely payments on these Notes when due.

On December 7, 2011, Compass filed the instant lawsuit against Defendants to collect the remaining indebtedness under the three Notes.  RREF later became the successor to Compass's interest in the loans.  On July 9, 2012, Rialto, in its capacity as attorney-in-fact for RREF, was substituted into this lawsuit as the plaintiff on July 9, 2012.  On October 31, 2012, Rialto requested that the Clerk of Court enter default against Defendants, and on November 2, 2012, the Clerk placed an Entry of Default (#15) on the docket.  On October 31, 2012, Rialto filed the instant motion for Default Judgment.  A hearing was held on December 18, 2012, at which time Defendants were ordered to show cause why a default judgment should not be rendered in favor of Rialto.  Notice of the hearing was sent to both Defendants, but the notices were returned as unclaimed.  Defendants failed to attend the hearing.  In its subsequent filings with the court, Rialto confirms that it is requesting a judgment in the amount of $260,142.92, plus attorneys' fees in the amount of $10,247.64 and post-judgment interest.

II.    Analysis

    A.    Default Judgment

To warrant the entry of a default judgment, the United States Court of Appeals for the Fifth Circuit requires a three-step procedure involving the defendant's default, entry of default, and default judgment.  *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see GuideOne Ins. Co. v. House of Yahweh*, 828 F. Supp. 2d 859, 861 (N.D. Tex. 2011).  A default occurs when a defendant fails to plead or otherwise respond to the complaint.  FED. R. CIV. P. 55(a); *N.Y. Life Ins. Co.*, 84 F.3d at 141.  The clerk may issue an entry of default when the default is

established by affidavit or otherwise. FED. R. CIV. P. 55(a); *N.Y. Life Ins. Co.*, 84 F.3d at 141. When requesting the entry of default, the moving party must provide a sworn statement indicating whether the defendant is currently serving in the armed forces. *See Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 783 (E.D. Tex. 2006) (citing 50 U.S.C. app. § 521(b)(1)). Furthermore, a default judgment should not be entered against an infant or an incompetent person unless they are represented in the case by a guardian or other representative. *See* FED. R. CIV. P. 55(b)(2). Once a defendant is in default, the court accepts as true all the facts set forth in the complaint aside from those relating to damages. *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002) (citing *United States for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992); 10A CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE & PROCEDURE § 2688 (3d ed. 1998). Thus, the entry of default effectively eliminates the defendant's right to appear in the case with respect to liability issues. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 160 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

Subsequent to the entry of default, a party may seek a default judgment from the court. *See* FED. R. CIV. P. 55(b)(2); *N.Y. Life Ins. Co.*, 84 F.3d at 141. A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. *See Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 160 (2d Cir. 2005) (citing *Ackermann v. Levine*, 788 F.2d 830, 842 (2d Cir. 1986)), *cert. denied*, 547 U.S. 1175 (2006); *Jackson*, 302 F.3d at 525; *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (citing *Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)).

3

It is well established, however, that "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)); *see Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009) (citing *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)).   Default judgments are "generally disfavored in the law and thus 'should not be granted on the claim, without more, that the defendant failed to meet a procedural time requirement.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)); *see Beitel v. OCA, Inc. (In Re OCA, Inc.)*, 551 F.3d 359, 370-71 (5th Cir. 2008).   As the Fifth Circuit has noted:

> The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver.  Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.  As the District of Columbia Circuit has stated, they are "available only when the adversary process has been halted because of an essentially unresponsive party."

*Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)); *accord Lewis*, 236 F.3d at 767.  In fact, the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (citing *Lindsey*, 161 F.2d at 892-93; *Sun Bank of Ocala*, 874 F.2d at 276) (noting that "[a] defendant in federal court is entitled to an adequate opportunity to present a defense without suffering a possible default judgment"); *accord United States v. Tellez*, 678 F. Supp. 2d 437, 443 (W.D. Tex. 2009).

In this instance, Compass effected service of process on Defendants on January 14, 2012, and filed proof of service on January 26, 2012. Defendants failed to file an answer or make an appearance by the February 6, 2012, deadline. *See* FED. R. CIV. P. 12(a)(1)(A) (requiring a defendant to serve an answer "within 21 days after being served with the summons and complaint"). The Clerk of Court entered default against Defendants on November 2, 2012, and Rialto moved for default judgment on October 31, 2012. With its motion, Rialto submitted a declaration under penalty of perjury stating that neither Defendant is currently serving in the military and neither is an infant or an incompetent person. Therefore, the court is satisfied that the procedural prerequisites for obtaining a default judgment have been met.

Moreover, as of the date of this Order, Defendants have to file any responsive pleading in this case or "otherwise defend." Defendants' failure to respond results in the resolution of material issues of fact and establishes their liability for Rialto's well-pleaded claims. *See Jackson*, 302 F.3d at 524 (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (stating "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").

In addition, Rialto has proved its claim for breach of contract against Defendants. Under Texas law, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Bank of Tex. v. VR Elec., Inc.*, 276 S.W.3d 671, 677 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *accord Domingo v.*

5

*Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2009, pet. denied); *Hovorka v. Cmty. Health Sys., Inc.*, 262 S.W.3d 503, 508-09 (Tex. App.—El Paso, 2008, no pet.); *Academy of Skills & Knowledge, Inc. v. Charter Schs., USA, Inc.*, 260 S.W.3d 529, 536 (Tex. App.—Tyler 2008, pet. denied).   A breach occurs when a party fails or refuses to perform an act that it has expressly promised to perform.  *See Franconia Assocs. v. United States*, 536 U.S. 129, 142-43 (2002); *AMS Constr. Co. v. K.H.K. Scaffolding Houston, Inc.*, 357 S.W.3d 30, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd); *Hoss v. Alardin*, 338 S.W.3d 635, 650 (Tex. App.—Dallas 2011, no pet. h.).  Here, accepting the well-pleaded facts in its complaint as true, Rialto has established all four elements of a breach of contract claim against Defendants: (1) the Notes existed; (2) Compass performed its obligations by tendering money to Defendants; (3) Defendants failed to perform under the notes by refusing to remit payments; and (4), RREF (as successor-in-interest to Compass) suffered damage by not receiving the amounts it was owed under the Notes.

As mentioned above, a default by a defendant does not establish facts relating to damages. *Shipco Gen., Inc.*, 814 F.2d at 1014.  Consequently, "a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *accord James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *Compass Directional Guidance, Inc. v. OnCourse, Inc.*, No. H-11-2724, 2012 WL 1865490, at *2 (S.D. Tex. May 18, 2012).  Here, the court finds that the affidavit and documentation submitted by Rialto demonstrate that the sum is certain or can be made certain through simple arithmetic.  *See Compass Directional Guidance*, 2012 WL 1865490, at *4 (finding that no evidentiary hearing was needed when plaintiff sought liquidated damages from a suit on a sworn account); *Textron Fin. Corp. v. Anchor Marine & Tackle, Inc.*,

No. SA-09-CV-885, 2010 WL 2991068, at *3-4 (W.D. Tex. July 26, 2010) (holding that an evidentiary hearing was unnecessary when the amount of damages was made certain by virtue of the financing agreement and affidavits submitted by the plaintiff).  As a result, Rialto suffered the following damages, including outstanding principal, accrued interest, late charges, and fees for each note:

| | |
|---|---|
| Note 1: | $58,251.98 |
| Note 2: | $70,726.43 |
| Note 3: | $131,164.51 |
| Total: | $260,142.92 |

These amounts are current up to the date of the entry of this judgment, April 18, 2013.

Accordingly, the entry of a default judgment against Defendants is warranted.  The evidence before the court establishes that Defendants breached their agreements with Rialto and are liable for damages in the amount of $260,142.92.

B.   Attorneys' Fees and Costs

Rialto also requests attorneys' fees and costs in the amount of $10,247.64.  In federal court in the Fifth Circuit, an attorneys' fee award "is governed by the same law that serves as the rule of decision for the substantive issues in the case."  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (citing *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000)).  While previously unclear whether state or federal law governed the review of an award's reasonableness, in *Mathis*, the Fifth Circuit made explicit that "[s]tate law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."  302 F.3d at 461 (citing *Northwinds Abatement, Inc. v. Empl'rs Ins. of Wausau*, 258 F.3d 345, 353-54

7

(5th Cir. 2001)); *accord DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 436 (5th Cir. 2003).

Hence, when attorneys' fees are sought for state law claims brought in federal court, the applicable

state law governs. *See Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 263 (5th Cir. 1997);

*Exxon Corp. v. Burglin*, 4 F.3d 1294, 1302 (5th Cir. 1993); *Fuchs v. Lifetime Doors, Inc.*, 939

F.2d 1275, 1280 (5th Cir. 1991); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d

1482, 1487 (5th Cir. 1990).

In Texas, "[t]he authorization of attorney's fees in civil cases may not be inferred; rather

it 'must be provided for by the express terms of the statute in question.'" *Travelers Indem. Co.

v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996) (quoting *First City Bank v. Guex*, 677 S.W.2d 25,

30 (Tex. 1984)); *see Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999); *Knebel v.

Capital Nat'l Bank*, 518 S.W.2d 795, 803 (Tex. 1974).   Texas law authorizes an award of

"reasonable attorneys' fees from an individual or corporation, in addition to the amount of a valid

claim and costs, if the claim is for . . . an oral or written contract." Tex. Civ. Prac. & Rem.

Code Ann. § 38.001(8); *see Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 866 (5th

Cir. 2004); *DP Solutions, Inc.*, 353 F.3d at 436; *Mathis*, 302 F.3d at 462; *Kona Tech. Corp.*, 225

F.3d at 614.   An award of reasonable attorneys' fees is mandatory under § 38.001 of the Texas

Civil Practices and Remedies Code if the plaintiff recovers damages for a breach of contract claim.

*Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 421 (5th Cir. 2006); *Coffel v. Stryker Corp.*,

284 F.3d 625, 640 (5th Cir. 2002).   Section 38.001(8) applies to an action on a promissory note.

*7-Eleven Inc. v. Puerto Rico-7 Inc.*, No. 3:08-CV-0140-B, 2009 WL 4723199, at *10-11 (N.D.

Tex. Dec. 9, 2009).   "There is, however, discretion to determine the amount of the fee." *Mathis*,

302 F.3d at 462.   To recover attorneys' fees under § 38.001, a party must: "(1) prevail on a cause

of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (concluding that the plaintiff was not entitled to attorneys' fees under section 38.001 because he failed to recover damages on his breach of contract claim); *see also Sw. Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 56 (Tex. 1998); *Cytogenix, Inc. v. Waldroff*, 213 S.W.3d 479, 489 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

The reasonableness of attorneys' fees is a question of fact that must be supported by competent evidence. *See Bailey v. Rodriguez*, 351 S.W.3d 424, 427 (Tex. App.—El Paso 2011, no pet. h.); *C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 802 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Pegasus Energy Grp., Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112, 132 (Tex. App.—Corpus Christi 1999, pet. denied).

Texas courts have held that an affidavit from a party's attorney testifying to his or her fees is legally sufficient to make a determination as to the reasonableness of attorneys' fees. *See Tex. Commerce Bank v. New*, 3 S.W.3d 515, 517-18 (Tex. 1999) (holding that an affidavit from plaintiff's counsel was "legally sufficient to support the trial court's attorney's fees award"); *see also Marine Geotechnics, LLC v. Williams*, No. H-07-3499, 2011 WL 147722, at *4 (S.D. Tex. Jan. 18, 2011) (considering an affidavit from plaintiff's attorney as to the "reasonableness and necessity of the attorneys' fees" to be sufficient evidence).   Such affidavits necessarily must include a statement that the services rendered were reasonable and indicate the usual and customary fees in the county. *See New*, 3 S.W.3d at 517-18; *see also Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, No. 11-20557, 2012 WL 2345024, at *4 (5th Cir. June 21, 2012) (holding that affidavits showing the time spent by the party's attorneys investigating, drafting

motions, preparing replies, coordinating and conferring with their client, and attending hearings in addition to the hourly rates were sufficient proof to establish the amount of attorneys' fees to be awarded); *United Artists Corp.*, 605 F.2d at 857 (requiring detailed affidavits to establish necessary facts to determine damages).  The affidavits should include "the number of hours spent on the case, the nature of the preparation, the complexity of the case, the experience of the attorney, and the prevailing hourly rates." *In re C.Z.B.*, 151 S.W.3d 627, 635 (Tex. App.—San Antonio 2004, no pet.).

Here, the affidavit of Rialto's counsel describes the work that he performed in this matter in some detail and the number of hours he worked as well as his hourly rate.  The court considers the affidavit sufficient to establish the reasonableness of the fee award.  *Compare Beachhead, L.P. v. Solar Night Indus., Inc.*, No. 3:08-CV-718, 2008 WL 4692856, at *2 (N.D. Tex. Oct. 23, 2008) (finding that a declaration in broad terms of the tasks performed and the total legal fees and costs incurred was insufficient to warrant an award of attorneys' fees), *with Cycle Sport, L.L.C. v. Dinli Metal Indus. Co.*, No. 3:07-CV-253, 2008 WL 4791544, at *6 (N.D. Tex. Oct. 30, 2008) (awarding attorneys' fees and costs based on submitted billing records and affidavits detailing the number of hours worked and the hourly billing rate).

C.    Post-judgment Interest

Rialto has also requested an award of post-judgment interest.  Federal law provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in district court." 28 U.S.C. § 1961(a).  This provision governs money judgments based on federal or state law. *See D.P. Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 435 (5th Cir. 2003); *Boston Old Colony Ins. Co. v. Tiner Assocs.*, 288 F.3d 222, 234 (5th Cir. 2002); *Mitchell Energy Corp. v. Samson*

10

*Res. Co.*, 80 F.3d 976, 986-87 (5th Cir. 1996); *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993).   An award of post-judgment interest under this provision is mandatory.  *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 103 F.3d 80, 81 (10th Cir. 1996); *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996); *Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 752 (5th Cir. 1983); *Transitional Learning Comty. v. Metro. Life Ins. Co.*, 913 F. Supp. 504, 509 (S.D. Tex.), *aff'd in part*, 100 F.3d 953 (5th Cir. 1996).  "Such interest shall be calculated from the date of the entry of the judgment, at the rate equal to the weekly average one-year constant maturity Treasury yield . . . ."  28 U.S.C. § 1961(a).  "Interest shall be computed daily to the date of payment . . . and shall be compounded annually."   28 U.S.C. § 1961(b).

"[P]ost-judgment interest at the federal rate [is] assessed against the pre-judgment interest." *Boston Old Colony Ins. Co.*, 288 F.3d at 234 (citing *Fuchs*, 939 F.2d at 1280).   Therefore, post-judgment interest will be awarded on the entire damages award of $260,124.92 at the rate of 0.12% from April 18, 2013, until paid.  *See* 28 U.S.C. § 1961; *see also Mitchell Energy Corp.*, 80 F.3d at 987; *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 739 (N.D. Tex. 1997); *Transitional Learning Cmty.*, 913 F. Supp. at 509.

III.   Conclusion

Based on the foregoing analysis, Rialto's Motion for Default Judgment is GRANTED. Defendants shall pay Rialto $260,142.92 in contractual damages plus $10,247.64 in attorneys' fees.  Post-judgment interest will accrue at a rate of 0.12% on the damages award until this judgment is paid in full.

SIGNED at Beaumont, Texas, this 18th day of April, 2013.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE